578 A.2d 1009

## HOME BUILDERS ASSOCIATION OF THE ALLEGHENIES, Appellant,

v.

## RICHLAND TOWNSHIP, Appellee.

Commonwealth Court of Pennsylvania.

Argued June 11, 1990.

Decided July 26, 1990.

Dennis J. Stofko, Johnstown, for appellant.

Patrick T. Kiniry, Sol., for appellee.

Before CRAIG, President Judge, PELLEGRINI, J., and EMIL E. NARICK, Senior Judge.

PELLEGRINI, Judge.

Home Builders Association of the Alleghenies (Association) appeals from a decision and order of the Court of Common Pleas, Cambria County, which held that the classification created by Ordinance No. 194 (Ordinance) which was enacted by Richland Township, did not violate the Equal Protection clause of the United States Constitution,

denied the Association's motion for summary judgment, and granted the Township's motion for summary judgment.

Richland Township is a municipal corporation organized as a Township of the Second Class. Over the past decade, Richland Township has experienced increased growth as families have moved from the city to the suburbs. From January, 1985, to December, 1988, 145 residences and approximately $6.2 million worth of commercial, service and professional use structures were constructed to meet the needs of the growing community.

Due to the increased construction and the resultant incidents of violations of the Richland Township Building Code Ordinance, the Richland Township Board of Supervisors (Board) enacted Richland Township Ordinance 194, effective May 1, 1989, to reduce the growing number of building code violations. The purpose of the Ordinance was to insure that individuals and corporations holding themselves out as professional builders had a minimum knowledge of the Richland Township building regulations, and that when problems occurred, the Township knew whom to contact. This was to be accomplished by providing for the registration and regulation of contractors and subcontractors doing business in Richland Township.[1]

On May 2, 1989, the Association filed an action for declaratory judgment with the Court of Common Pleas in Cambria County. The Association averred that the Ordinance was invalid and illegal because the Ordinance was in violation of the Due Process clause of the United States

---

1. The Ordinance provides the following definitions:

*Contractor*—Any person, partnership or corporation engaged in the business of construction, altering or repairing any building or structure or engaged in the transport and set up of a prefabricated structure delivered to a site in Richland Township or engaged in site preparation, excavation or paving for a fee.

*Subcontractor*—A contractor. The term shall not include an employee of a contractor or subcontractor.

*Doing Business*—Engaging in the construction, alteration or repair of any building or structure in Richland Township for which a building permit is required under the Ordinances of Richland Township or engaging in site preparation, excavation or paving in Richland Township.

Constitution because the Ordinance was unconstitutionally vague. The Association further argued that the classification created by the Ordinance, which differentiated between professional and non-professional builders, was in violation of the Equal Protection clause of the United States Constitution because professional builders were required to be registered pursuant to Section 4 of the Ordinance, but non-professional home-owner/builders were not.

The trial court determined that the Ordinance was straightforward and comprehensive and was not unconstitutionally vague. The trial court also determined that although professional builders were treated differently from non-professional home-owner/builders, the classification differentiating between the two groups of builders was not violative of the Association's right to equal protection. Based on the trial court's decision, the Association filed the instant appeal, raising only the issue of equal protection.

The issue now before us is whether the trial court erred in determining that the classification created by the Ordinance requiring the registration and regulation of professional builders and not non-professional home-owner/builders is a constitutional classification and does not violate the Equal Protection clause of the Fourteenth Amendment to the United States Constitution.

The Association contends that the Ordinance violates its right to equal protection because the Ordinance creates an unconstitutional classification. The Ordinance requires professional builders to register and pay a fee before constructing, altering and/or repairing a structure, and mandates that this class of builders attend educational seminars, but does not require the same of non-professional home-owner/builders. Although the Ordinance does differentiate between professional and non-professional builders, we disagree that the classification is unconstitutional.

The Equal Protection clause of the United States Constitution guarantees that no person or class of people shall be denied the same protection of law which are en-

joyed by other persons or classes in like circumstances.[2] In determining whether a classification is violative of the Fourteenth Amendment, the United States Supreme Court has stated:

> Although no precise formula has been developed, the Court has held that the Fourteenth Amendment permits the States a wide scope of discretion in enacting laws which affect some groups of citizens differently than others. The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective. State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it. (Citations omitted.)

*McGowan v. Maryland,* 366 U.S. 420, 425–426, 81 S.Ct. 1101, 1105, 6 L.Ed.2d 393, 399 (1961).

In this case, the Ordinance creates a reasonable classification between non-professional builders and professional builders because the former is not in the business of constructing, altering, or repairing homes, does not collect fees for its work, and can be readily notified if an inspection reveals that their construction appears to be in violation of the building codes. However, because the same cannot be said regarding professional builders, Richland Township is making a reasonable distinction between the two classes of builders. The classification addresses the problems caused by professional builders, who are in the business of building many homes in many locations, by requiring them to apply for building permits[3] and by apprising them of require-

---

2. The Fourteenth Amendment to the Constitution of the United States provides in part that no State shall make or enforce any law which shall deny to any person within its jurisdiction the equal protection of the laws. U.S. CONST. Amend. XIV, § 1.

3. The registration process also provides an inspector with enough information to quickly locate a builder if an inspection reveals a problem that needs to be corrected.

ments and inspection procedures as provided by the building codes.[4] Any violation of any ordinances related to any construction a professional builder performs results in the revocation of the builder's registration.

Consequently, because the purpose of the classification is to reduce the number of building violations committed by professional builders, we find that the classification created by the Ordinance which differentiates between professional and non-professional home-owner/builders is reasonable to achieve this goal and does not violate the Association's right to equal protection. Accordingly, we affirm the decision of the trial court.

## ORDER

AND NOW, this 26th day of July, 1990, the Order of the Court of Common Pleas, Cambria County, dated November 7, 1989, No. 1989–988, is affirmed.

---

**4.** The Ordinance does not require educational seminars as the Association suggests, but merely provides the official issuing the building permit the opportunity to discuss with the professional builder and the non-professional home-owner/builder the changes in the building code to insure that the builders' knowledge of the building code is current. This discussion between the official and the builder alleviates the situation where the homeowner hires a professional builder to do work, obtains the building permit for the professional builder and the builder violates the building code because he did not speak with anyone regarding changes in the code and is unfamiliar with recent amendments.